UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

J S - 6

Case No. SACV 11-00663-CJC(ANx)            Date: November 15, 2012

Title: <u>AAMES GENERAL STORE, INC. v. B/E AEROSPACE, INC., ET AL.</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Michelle Urie | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                     None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

     Plaintiff Aames General Store, Inc. ("Plaintiff") filed this action against Defendant B/E Aerospace, Inc. ("Defendant") in Orange County Superior Court on April 1, 2011 alleging causes of action relating to a contract for the sale of screws. On May 2, 2011, Defendant removed the case to this Court on the basis of diversity jurisdiction. (Dkt. No. 1 [Notice of Removal].) In their recent motions for summary judgment, both parties present evidence suggesting that the amount in controversy in this action is significantly lower than previously represented to the Court. While the parties do not raise the issue in their motions, it appears that the Court lacks subject matter jurisdiction over this case.

     Whether subject matter jurisdiction exists may be raised by the Court sua sponte at any time. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A federal court has subject matter jurisdiction over a case that either raises a question under federal law or is between diverse parties and involves an amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. A removed case must be remanded if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *Id.* § 1447. Removal jurisdiction must be determined from the "four corners" of the complaint as it existed at the time of removal. *See Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Subsequent events generally do not divest the court of jurisdiction. *Hill v. Rolleri*, 615 F.2d 886, 889 (9th Cir. 1980). However, where there is a subsequent revelation that the required amount was not in controversy at the commencement of the action, a district court lacks subject matter jurisdiction. *Jones v. Knox Exploration Corp.*,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-00663-CJC(ANx)                                    Date: November 15, 2012
                                                                                                Page 2

---

2 F.3d 181, 183 (6th Cir. 1993); *Salazar v. Avis Budget Group, Inc.*, No. 07-cv-0064 - IEG (WMC), 2008 U.S. Dist. LEXIS 94610, *14–15 (S.D. Cal. Nov. 20, 2008) ("Although removal appeared to be proper . . . subsequent revelations demonstrate the court never had subject-matter jurisdiction. Under Federal Rule of Civil Procedure, the court must dismiss the action because it lacked subject-matter jurisdiction at the time of removal.").

In this action, the Complaint, Notice of Removal, and subsequent pleadings state that the amount in controversy is at least $484,943.92. (*See* Dkt. No. 1 [Notice of Removal] ¶5; Dkt. No. 1. Exh. A [Compl.] ¶ 56; Dkt. No. 9 [Mot. to Remand] at 3; Dkt. No. 13 [Opp'n to Mot. to Remand] at 2 n.1.) In their pleadings concerning their motions for summary judgment, both parties now admit that the jurisdictional minimum never existed. Plaintiff admits that there was a "typo" in the Complaint and the amount of the purchase orders at issue is actually $48,494.92. (Edens Dep., Vol. II, 330:9–18; 331:13–332:5.) Plaintiff now contends that "the total damages due to [Aames] are $71,442.70 plus interest." (Pl.'s Opp'n to Def.'s Mot. for Summ. J. at 15.) Defendant argues that "Plaintiff's damages are limited to, at most, $48,494.92." (Def.'s Mem. in Supp. of Mot. for Summ. J. at 24.) These statements reflect a clerical error in the Complaint regarding the true amount of damages, not events subsequent to removal which reduced the demand.

The Court therefore remands this case to Orange County Superior Court for lack of subject matter jurisdiction. Accordingly, the hearing on the parties' motions for summary judgment, scheduled for November 19, 2012 at 1:30 pm, is hereby vacated and off calendar.

jmc

MINUTES FORM 11
CIVIL-GEN                                                                              Initials of Deputy Clerk MU